**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 05-1145-PHX-SMM |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| Cristino Lopez-Martinez, ) | |
| Defendant. ) | |

Pending before the Court is an Amended Motion for New Trial filed by Defendant Cristino Lopez-Martinez. (Dkt. 93).

**BACKGROUND**

Defendant was charged with one count of Conspiracy to Bring in Illegal Aliens; one count of Bringing Aliens to the United States; three counts of Bringing Aliens to the United States for Profit; and one count of Reentry After Deportation. After a trial lasting five days, on November 16, 2006, a jury found Defendant guilty on all counts. Shortly after the jury was discharged, one of the Court's law clerks discovered a piece of paper containing legal terms and definitions laying on top of a manilla folder ( the "extrinsic information") inside the jury room. The instant motion arises from the introduction of this extrinsic information into the jury room.

1    The Court expressly instructed the jury not to do outside research in the Preliminary Jury
2    Instructions (Dkt. 84).  Nonetheless, a sheet of paper containing definitions for the following
3    words and legal terms of art was introduced into the jury room: "Conspiracy"; "Beyond a
4    Reasonable Doubt"; "Reasonable Doubt"; "indubitable"; and "probative" (See Exhibit 1).
5    Scrawled on the face of the manilla envelope found with the paper were a number and a
6    surname matching those of the alternate juror (the "Alternate").

7    Defendant filed a motion for new trial pursuant to Rule 33(a) of the Federal Rules of
8    Criminal Procedure shortly after the Court informed the parties that the extrinsic information
9    was discovered in the jury room.  In response, the government requested an evidentiary
10   hearing.  The Court determined that an evidentiary hearing was necessary to determine the
11   extent to which the jury was aware of the extraneous information and directed the parties to
12   propose questions to be asked at the evidentiary hearing.

13   On February 20, 2007, the Court conducted an evidentiary hearing in this matter.  The
14   Court began the evidentiary hearing by questioning the law clerk who discovered the
15   extraneous information in the jury room.  The law clerk stated that extraneous information
16   in the center of the round table in the jury room and that the sheet of paper with the legal
17   terms was laying on top of the manilla envelope.[1]  Next, the Court individually examined
18   each member of the jury including the Alternate.  Each juror was asked to review a copy of
19   the extrinsic information.  The Court briefly explained where the extrinsic information was
20   discovered and asked each juror if they recalled seeing it before.  In addition, the Court asked
21   each juror whether they observed any of the other jurors reading or discussing the extrinsic
22   information.[2]  None of the jurors present during the deliberations recalled seeing the
23   extraneous information or observing anyone discuss it.

24   The Court questioned the Alternate juror last.  The Alternate, who was dismissed prior to
25   start of the deliberations in this matter, immediately recognized the extraneous information

---

[1] There is only one table in the jury room.

[2] The Court was careful to avoid any questions about the nature or content of the juror's deliberations.

-2-

and revealed that he had crafted it on the eve of the final day of trial. The Alternate further stated that he never unsealed the extrinsic information and that he crafted it solely to prepare for the deliberations.

After considering the arguments raised by the parties in their briefs and the testimony elicited at the evidentiary hearing, the Court is now prepared to rule on Defendant's Amended Motion for New Trial.

## STANDARD OF REVIEW

In cases alleging juror misconduct, the Ninth Circuit has distinguished between situations involving the introduction of extraneous information and instances involving *ex parte* communications. *See United States v. Rosenthal*, 454 F.3d 943, 949 (9th Cir. 2006) (citing *Sea Hawk Seafoods, Inc. v. Alyeska Pipelines Serv. Co.*, 206 F.3d 900, 906 (9th Cir. 2000). Here, "[t]he inquiry is objective" and the court does not need to determine whether the extraneous information actually influenced a specific juror. *United States v. Mills, III*, 280 F.3d 915 (9th Cir. 2002). A party is entitled to a new trial if there exists a reasonable possibility that the information could have affected the verdict. *Sea Hawk Seafoods, Inc.*, 206 F.3d at 906; *United States v. Steele*, 785 F.2d 743, 746 (1986).

## DISCUSSION

The present matter concerns the introduction of extraneous information into the jury room during their deliberations. The Ninth Circuit has provided the following procedure to be followed in situations where extrinsic information has been introduced to a jury:

> (1) Defendant must demonstrate with credible evidence that extrinsic information was introduced into the jury room.
>
> (2) The record must show that one or more of the jurors were aware of the extrinsic information.
>
> (3) Where intrusion into the jury's deliberations is by a law enforcement officer who was a prosecution witness at trial or who made comments regarding the defendant's guilt, prejudice to the defendant's right to due process is inherent or presumptive.
>
> (4) The Government bears the burden of persuading the court beyond a reasonable doubt that the presence of extrinsic material in the jury room during deliberations was harmless error.

*United States v. Harber*, 53 F.3d 236, 242-243 (9th Cir. 1995).

1 Defendant met his initial burden of establishing with credible evidence that extrinsic information was introduced into the jury room through the testimony of the law clerk. The Court now turns to the second step in the *Harber* analysis: establishing juror awareness.

The Ninth Circuit has previously stated that there is no rule of automatic reversal for a juror's reception of extraneous information, irrespective of the nature of the information or the manner in which it is received. *United States v. Plunk,* 153 F.3d 1011, 1024 (9th Cir. 1998). Indeed, "not every incident of juror misconduct or bias [even] requires a new trial." *United States v. Hendrix*, 549 F.2d 1225, 1229 (9th Cir. 1977). Thus, after establishing that extrinsic information was introduced to the jury, the Court must determine whether one or more of the jurors were aware of the extrinsic information. If the record does not show that at least one juror was aware of the extrinsic information, then there can be no reasonable possibility that it affected the verdict and the motion for new trial should be denied. *Plunk*, 153 F.3d at 1025.

The Court finds that the record failed to establish that any deliberating juror was aware of the extrinsic information. At the evidentiary hearing, each juror was provided a copy of extrinsic information and asked to carefully to review it. Apart from the Alternate, who was dismissed before the jury began their deliberations, none of the jurors recognized the extrinsic information or recalled observing any of their colleagues viewing or discussing it. Moreover, every juror that participated in the deliberations represented that, to the best of their knowledge, they did not recall ever seeing the extrinsic information before the evidentiary hearing. Therefore, because the record does not establish that any of the jurors were aware of the extrinsic information, the Court finds that a new trial is unnecessary and will deny Defendant's motion.

In reaching this finding, the Court considered the inconsistent testimony regarding the state of the extrinsic information when it was discovered by the law clerk. The law clerk testified that the sheet of paper containing the legal terms was sitting outside of the manilla envelope when it was discovered while the Alternate testified that he never removed the paper from manilla envelope in which it was sealed. The Court need not be concerned with

-4-

1 determining how the envelope become unsealed in light of the testimony of the deliberating
2 jurors. The Court's is only concerned with determining whether any of the jurors who
3 deliberated in this matter were aware of the extraneous information and the affirmative
4 testimony of the jurors resolved this question. Not a single juror recalled seeing the
5 extraneous information before the evidentiary hearing. Two jurors, during their colloquy
6 with the Court, initially misunderstood the Court's first question; however, upon clarification
7 they were unequivocal in their response of never having seen the extraneous information
8 prior to the evidentiary hearing. Moreover, in observing the demeanor of the jurors while
9 testifying, the Court finds them to be individually and collectively credible. Each juror
10 answered the questions forthrightly and did not exhibit any form of demeanor that could be
11 construed as evasive or lacking in credibility. Therefore, in light of the testimony of the
12 jurors who participated in the deliberations in this matter, the Court finds that a new trial is
13 unnecessary because not a single juror participating in the deliberations was even aware of
14 the extrinsic information.

## CONCLUSION

Accordingly, in light of the reasons stated above,

**IT IS ORDERED** that Defendant's Amended Motion for New Trial (Dkt. 93) is **DENIED**.

DATED this 22nd day of February, 2007.

Stephen M. McNamee
United States District Judge